# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-03071-CR-S-FJG |
| | ) | |
| JAMES DOOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The case is before the Court on defendant's Motion to Dismiss the indictment against him because of an alleged violation of his right to a speedy trial under the Interstate Agreement on Detainers Act ["IADA"] [Doc. # 17] . The government has responded to that motion. [Doc. # 19]. Defendant filed a reply thereafter. [Doc. # 21].

Defendant requests that the Court dismiss the indictment against him, pursuant to 18 U.S.C. App. 2, § 1 et seq. He asserts that the 180-day time limit in which his case must be brought to trial expired on February 4, 2008, before a writ was issued in this district and before he was returned to this district for trial. In his reply, defendant asserts that he substantially complied with the IADA and provided the U.S. Attorney's Office and the District Court with written notice of his demand for a final disposition of the indictment. He also asserts that he has been substantially prejudiced by the delay.

1

Defendant addresses the government's argument that because he did not circle the word "do" on the detainer form, this omission should operate to defeat defendant's Motion to Dismiss. Defendant contends that the question in this case is "whether the notice received by the District Court and the U.S. Attorney's Office complied with the provisions of the IADA." [Reply to Government's Response, 2]. It is his position that the documents did comply with the IADA, even though the "do" in paragraph 3 of the document sent to the District Court was not circled, because he sent the proper form along with the proper certificate, via Certified Mail, and delivery was confirmed. He contends that the form is only sent Certified Mail when a prisoner intends to invoke his rights under the IADA, according to language in the document itself. Therefore, it is his position that he substantially complied with the terms of the IADA, which, by its own terms, should be "liberally construed to effectuate its purposes." IADA, Article IX. He also contends that he was substantially prejudiced by the delay because his rehabilitation programs at the state correctional facility were interrupted.

The government contends that it did not violate the IADA because defendant failed to provide the Court with written notice of his demand for a final disposition of the indictment.

A review of the record indicates that the indictment in this case was returned and filed on July 25, 2007. On July 26, 2007, the United States Marshal for the Western District of Missouri lodged a detainer against defendant at his place of incarceration within the Missouri Department of Corrections. Defendant executed the detainer form on August 2, 2007, which he signed, but for whatever reason, neglected to complete by failing to circle "do" in paragraph 3. The relevant portion of paragraph 3 reads: "I have read or have been read the above paragraph notifying me that a Detainer has been lodged against me and that I have a right to demand a speedy trial on the

2

charge(s). I (do) (do not) demand a speedy trial on the charge(s)." [Defendant's Exhibit 1, at 2]. The detainer form was forwarded to a corrections record officer at the Ozark Correctional Center, who signed the form on August 2, 2007. According to records provided by defendant, copies of the detainer paperwork were received by both the United States Attorney's Office and the United States District Court on August 8, 2007. Although the detainer paperwork was received by the United States Attorney's Office in Kansas City, it was never received by the Springfield Branch Office. The detainer paperwork that was received by the Court was forwarded to Springfield and properly filed. On February 13, 2008, defendant filed a pro se motion to dismiss the indictment on the basis of a speedy trial violation. The next day, the government filed a writ of habeas corpus ad prosequendum; defendant was arraigned on March 12, 2008, with trial to commence on April 21, 2008. On March 17, defendant filed the motion to dismiss with prejudice, as provided by the IADA.

It is the government's position that defendant failed to demand a speedy trial in executing the detainer notification form. The government contends that defendant failed to notify the Court and the prosecutor's office of the invocation of his IADA rights because he did not comply with the detainer form by indicating whether he did or did not want to invoke his rights to a speedy trial. On a original Court copy of the detainer paperwork, it is obvious that he did not circle "do" in the applicable paragraph on the form.

Under Article III (a) of the IADA, a prisoner:

shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for final disposition to be made of the indictment, information, or complaint. 18 U.S.C. App. § 2.

In Fex v. Michigan, 507 U.S. 43 (1993), the Supreme Court interpreted this provision to

3

mean that the 180-day clock does not start until the defendant's demand "*has actually been delivered to the district court* and the prosecuting officer that lodged the detainer against him." Id. at 52 (emphasis added). That provision, following Fex, has been strictly construed by courts in other circuits. See United States v. Collins, 90 F.3d 1420, 1426 (9th Cir. 1996).

Defendant contends that the provisions of the IADA should be read to conclude that sending the detainer form via certified mail serves as substantial compliance. It is his position that return of the detainer paperwork, via Certified Mail, without an assertion of one's right to a speedy trial through written notice by the prisoner, should be deemed to constitute actual notice. There is no dispute, however, that defendant did not technically comply with the provisions of Article III of the Act. The detainer form unambiguously contemplates that there be an invocation of the right to a speedy trial, which is accomplished by circling "do" in paragraph 3 of the form. When a prisoner selects and circles "do," he or she can be deemed to have made a proper, unconditional request for a speedy trial and to have served proper, unconditional notice. The notice requirement was clearly enacted to ensure that the receiving state have adequate notice that a prisoner is requesting a final disposition of the case. The obligation, however simple, to comply with the form is on the defendant, who obviously was provided with the necessary form and informed of his rights under the IADA. To ignore the particulars of the detainer form and to rule otherwise would reduce the notice requirement to be a nullity, and would leave the government and the court to either assume that one's speedy trial rights have been invoked any time a detainer form is returned, or would require scrutiny in each case to determine whether a prisoner has intended to invoke the provisions of the IADA. That, in the Court's opinion, is not consistent with the law, which requires both that the prisoner comply with

the formal notice and request requirements of the IADA before the timely trial provisions of the IADA come into play.

Defendant also contends that he has been prejudiced by the delay. Even assuming that the IADA had been properly invoked, the Court notes that, given the facts and the minimal delay in this case, defendant has not suffered excessive or numerous absences that can be said to have obstructed his rehabilitation or treatment, as intended to be avoided by the principle purpose of the IADA. See e.g. United States v. Palmer, 574 F.2d 164 (3rd Cir. 1978); United States v. Ford, 550 F.2d 732 (2nd Cir. 1977). Therefore, it must be recommended that defendant's motion to dismiss be denied.

It is the finding of the Court that there has not been a violation of the IADA in this case.

Accordingly, the Court finds that it should be recommended that defendant's Motion to Dismiss be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that the Motion to Dismiss should be denied.

                                          /s/ James C. England
                                          JAMES C. ENGLAND, CHIEF
                                          United States Magistrate Judge

Date: 04/14/08

6